**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000524**
**09-JAN-2013**
**09:31 AM**

NO. CAAP-11-0000524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARCO A. TAPIA, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 10-1-1449)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)


Defendant-Appellant Marco A. Tapia (Tapia) appeals from the Judgment of Conviction and Sentence (Judgment) filed on June 8, 2011, in the Family Court of the First Circuit (Family Court).[1] Plaintiff-Appellee State of Hawai'i (State) charged Tapia with abuse of a family or household member, in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2011).[2] The complaining witness (CW) was Tapia's girlfriend, and they resided together.

---

[1] The Honorable Fa'auuga To'oto'o presided.

[2] HRS § 709-906 provides in relevant part:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .

For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

A jury found Tapia guilty as charged. The Family Court sentenced Tapia to a two-year term of probation, subject to the condition that he serve fourteen days in jail. Tapia's sentence was stayed pending appeal.

On appeal, Tapia argues that the Family Court committed plain error in instructing the jury on self-defense. As explained below, we conclude that the Family Court erred in failing to adequately instruct the jury that Tapia was entitled to estimate the necessity for the use of protective force *without retreating* and that this error was not harmless beyond a reasonable doubt. Accordingly, we vacate the Family Court's Judgment and remand the case for a new trial.

I.

Tapia and the CW argued in the car while Tapia drove to a condominium owned by the CW's parents. According to the CW's trial testimony, after Tapia parked the car, Tapia threw the car key on her as he "tried to get out of the car." The CW then slapped Tapia in the head. In response, Tapia got back into the car and hit or punched the CW at least five or six times, causing her to suffer pain, while she covered her face with her arms.

Tapia testified in his own defense at trial. Tapia testified that after he parked the car, he threw the keys on the dashboard. According to Tapia, the CW became upset and slapped Tapia in the head by his ear. The CW hit Tapia several times. Tapia defended himself by turning his head away from the CW and extending his hand toward the CW and "swatting" at her to keep her away. Tapia stopped when he saw the CW protecting herself. Tapia testified that he struck the CW in self-defense and that he had not stepped out of the car before striking the CW.

II.

Tapia argues that the Family Court committed plain error in failing to give the jury an instruction that adequately

2

explained the law of self defense.[3/]  Among other things, Tapia argues that the Family Court's instruction was deficient because it failed to inform the jury that Tapia "did not need to retreat[.]"

HRS § 703-304 (1993 & Supp. 2011), which sets forth the justification defense of use of force in self-protection (self-defense), provides in pertinent part:

> (1) . . . the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.
>
> . . . .
>
> (3) . . . a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used *without retreating* . . . .

(Emphasis added.)

The self-defense instruction given by the Family Court did not include any reference to the statutory language that a person may estimate the necessity of employing protective force "without retreating[.]"  The Family Court's self-defense instruction provided in relevant part:

> The reasonableness of the defendant's belief that the use of such protective force was immediately necessary shall be determined from the viewpoint of a reasonable person in the defendant's position under the circumstances of which the defendant was aware or as the defendant reasonably believed them to be.

In closing argument, the prosecutor, in addressing Tapia's self-defense claim, argued that Tapia's actions in striking the CW were not immediately necessary because "[h]e was actually exiting the car.  And even if he wasn't exiting, he certainly could have gotten out of that car."  The prosecutor

---

[3/] The instruction challenged by Tapia on appeal was given with his agreement by the Family Court.  This, however, does not prevent Tapia from basing his appeal on a challenge to the instruction.  See State v. Nichols, 111 Hawaiʻi 327, 339 n.7, 141 P.3d 974, 986 n.7 (2006).

further asked the jury, "[W]ould a reasonable person think it's necessary to protect yourself from other persons in a car when you can just exit?"

Under the circumstances of this case, we conclude that the Family Court's instruction on self-defense failed to adequately advise the jury that Tapia was entitled to estimate the necessity for the use of protective force without retreating.[4] Because we cannot say that this error was harmless beyond a reasonable doubt in this case, we vacate Tapia's conviction, and remand the case for a new trial.

III.

We vacate the Judgment of the Family Court and remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, January 9, 2013.

On the briefs:

Cherylann Miyamoto
Deputy Public Defender
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

---

[4] In instructing the jury on self-defense, the Family Court used language from Hawai'i Standard Jury Instructions Criminal (HAWJIC) Instruction 7.01 (2008), which was repealed and replaced on April 4, 2011, with HAWJIC Instructions 7.01A and 7.01B (2011). The new HAWJIC Instructions 7.01A and 7.01B incorporate the language of HRS § 703-304(3) and provide that in cases where deadly force was not used or is not in issue:

> The defendant may estimate the necessity for the use of force under the circumstances as he/she reasonably believes them to be when the force is used, without [retreating] [surrendering possession] [doing any other act that he/she has no legal duty to do] [abstaining from lawful action].

(Brackets in original).